Citation Nr: 1518697 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 10-04 354A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUE

Entitlement to a rating in excess of 10 percent for right ear hearing loss. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

A.M. Clark, Counsel


INTRODUCTION

The Veteran served on active duty from October 1967 to May 1969. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in New York, New York. 

In May 2014, the Board issued a decision that granted restoration of the Veteran's 10 percent rating for right ear hearing loss. An increased rating claim for his service-connected right ear hearing loss was denied at that time. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). Pursuant to a January 2015 Joint Motion for Partial Remand (JMPR), the Court vacated the Board's decision with respect to his increased rating claim for right ear hearing loss and remanded the claim back to the Board. 

The issue of entitlement to service connection for left ear hearing loss, to include as secondary to service-connected right ear hearing loss, has been raised by the record in a March 2015 Appellant's Brief, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action (of needed). 38 C.F.R. § 19.9(b) (2014). 

This appeal is comprised of documents contained in the Veterans Benefits Management System (VBMS) and the Virtual VA system. All future documents should be incorporated into the Veteran's VBMS file. 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

Pursuant to the January 2015 Court JMPR, the Board will remand for further development the Veteran's claim for an increased rating for right ear hearing loss. 

In consideration of the January 2015 Court JMPR and the March 2015 Appellant's Brief, a new examination will be provided to the Veteran. Statements made by the Veteran, through his representative, reflect that the Veteran's hearing loss may have worsened since the most recent August 2011 audiological examination. See March 2015 Appellant's Brief. As such, the Veteran will be afforded a new VA examination.

The Board additionally notes that veterans may receive extraschedular consideration under 38 C.F.R. § 3.321(b) when it is found that the case presents an exceptional or unusual disability picture, such as marked interference with employment. When such circumstances arise, the Board is required to submit the claim to the Director, Compensation and Pension Service, for consideration of the applicability of an extraschedular rating. 38 C.F.R. § 3.321(b) (2014). See also Thun v. Peake, 22 Vet. App. 111, 115 (2008). Based on the January 2015 Court JMPR the Board will refer the Veteran's claim for an increased rating for right ear hearing loss to the Director, Compensation and Pension Service. 

Accordingly, the case is REMANDED for the following actions:

1. The Veteran shall be afforded an additional VA examination to determine the current severity of his hearing loss. The VA claims file must be made available to and be reviewed by the examiner. Any indicated evaluations, studies, and tests should be conducted. 

The claims file must be reviewed in conjunction with such the examination, and the examiner must indicate that such review occurred. 

2. Thereafter, the claim for an increased rating for right ear hearing loss shall be submitted to the Director, Compensation and Pension Service, to determine whether a higher rating is warranted on an extraschedular basis pursuant to 38 C.F.R. § 3.321(b).

3. After completing the above actions, and any other indicated development, the Veteran's claim must be re-adjudicated. If the benefit remains denied, a supplemental statement of the case must be provided to the Veteran and his representative, if applicable. After the Veteran has had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
JOHN J. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).